IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEREK FOLLEY,** | CASE NO. 1:23 CV 1016 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **HON. MICHAEL R. MERZ, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Derek Folley, an inmate in the Grafton Correctional Institution, filed this civil rights action under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 241, and 18 U.S.C. § 1512 against United States Magistrate Judge Michael R. Merz, United States District Judge Thomas M. Rose, Assistant Attorney General Mary Anne Reese, and Assistant Attorney General William H. Lamb. Folley contests decisions made by the United States District Court for the Southern District of Ohio regarding his Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. *See Folley v. Foley*, 3:22 CV 0065 (S.D. Ohio Nov. 29, 2022). He seeks monetary damages.

### BACKGROUND

In 2019, a Montgomery County grand jury indicted Folley on charges of unlawful sexual conduct with a minor. *Id*. (S.D. Ohio ECF No. 265, PageID #2903). Folley pleaded not guilty by reason of insanity and claimed he was not competent to stand trial. *Id*. The trial court found him to be competent, and he decided to represent himself at trial. He was found guilty of all counts by a jury.

On May 10, 2021, Folley filed a Notice of Appeal. Unfortunately, he filed the Notice of Appeal after his conviction but before he was sentenced by the trial court. *Id.* The State of Ohio filed a motion to dismiss the appeal claiming it was filed prior to a final appealable order being issued in the case. *Id.* Folley argued that his appeal should have been deemed to be effective when the trial court entered its final judgment. *Id.* The Ohio Court of Appeals agreed with the state and dismissed the appeal. *Id.* (S.D. Ohio ECF No. 265, PageID #2904). Folley filed two motions for reconsideration. Although the appellate court denied both motions, it directed the trial court to re-enter the judgment and informed Folley he could file an appeal from the re-entered judgment. Rather than following the advice of the appellate court, Folley appealed the decision to the Supreme Court of Ohio. The Supreme Court declined jurisdiction.

Folley then filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio. *See Folley v. Foley*, No. 1:21 CV 2340 (N.D. Ohio filed Dec. 13, 2021) (Lioi, J.). Because Folley was contesting a conviction from Montgomery County, which is within Ohio's Southern District, United States District Judge Sara Lioi transferred the case to the Southern District of Ohio pursuant to 28 U.S.C. § 2241(d); it was assigned to United States District Judge Thomas M. Rose and Magistrate Judge Michael R. Merz. Folley filed a motion objecting to the transfer claiming the Southern District of Ohio lacked jurisdiction over his custodian. Specifically, he cited the United States Supreme Court's decision in *Rumsfeld v. Padilla*, 542 U.S. 426, 445 (2004) and the Sixth Circuit's decision in *Roman v. Ashcroft,* 340 F.3d 314 (6th Cir. 2003) for the proposition that his Petition could only be brought in the District in which his custodian could be found, which in this case was the Northern District of Ohio. He claimed that the Southern District of Ohio lacked personal jurisdiction over his custodian and therefore lacked authority to hear his Petition.

Magistrate Judge Michael Merz denied Folley's motion. In that opinion, Magistrate Judge Merz addressed the cases cited by Folley and quoted the language of 28 U.S.C. § 2241(d).

The Southern District of Ohio then addressed the merits of the Petition and denied it as procedurally defaulted. The court found that Folley had not filed a proper direct appeal and was now barred from filing one by state procedural rules. Folley appealed that decision to the United States Court of Appeals for the Sixth Circuit. On May 25, 2023, the Sixth Circuit affirmed the decision of the District Court.

Undeterred, Folley has now filed this civil rights action against the Judge Rose, Magistrate Judge Merz, and the two attorneys who represented the State of Ohio in the habeas action, *Folley v. Foley*, 3:22 CV 0065 (S.D. Ohio Nov. 29, 2022). In his Complaint, he continues to argue that his habeas Petition should only have been heard in the Northern District of Ohio, which is the district in which his custodian was located. He again cites *Rumsfeld v. Padilla*, 542 U.S. 426, 445 (2004), and *Roman v. Ashcroft,* 340 F.3d 314 (6th Cir. 2003), in support of this argument. He contends that by deciding the merits of his Petition, Judges Rose and Merz conspired to violate his rights. He also argues that because they lacked jurisdiction over his Petition, the Judges are not entitled to judicial immunity for their actions. He further asserts that Reese and Lamb engaged in prosecutorial misconduct by preventing him from obtaining a complete record of the state court proceedings; he avers that they did so by failing to provide copies of a brief he filed in the state appellate court. As previously stated, he seeks monetary damages under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. § 241, and 18 U.S.C. § 1512.

## STANDARD OF REVIEW

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court

concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

As an initial matter, Folley's claims in this action are all premised on his argument that the Southern District of Ohio lacked jurisdiction to decide his habeas Petition. Both the Southern

District of Ohio and this Court have addressed and rejected this argument in his habeas case. Folley is barred by *res judicata* from relitigating that issue in this action.

The term "*res judicata*" literally means "a matter [already] judged." The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case or an issue, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*. Folley raised this same issue in his protest of the transfer of his habeas Petition and received a decision on the merits of his claims. His attempt to repackage this issue in a civil rights action against the Judge, Magistrate Judge and State's attorneys does not relieve him of the *res judicata* bar. He cannot relitigate this issue.

Moreover, even if the issue were not barred by *res judicata*, this Court would come to the same conclusion regarding the Southern District's jurisdiction to hear his Petition. The authority to transfer the Petition is clearly set forth in 28 U.S.C. § 2241(d), which provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application *may* be filed in the district court for the district wherein such person is in custody *or* in the district court for the district within which the State court was held which convicted and sentenced him ***and each of such district courts shall have concurrent jurisdiction to entertain the application.*** The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) (emphasis added). The very case Folley cites as support for his argument recognizes that 28 U.S.C. § 2241(d) is an exception to the "district of confinement rule." *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) ("Congress has also legislated against the background of the 'district of confinement' rule by fashioning explicit exceptions: E.g., when a petitioner is serving a state criminal sentence in a State containing more than one federal district, 'the district ... wherein [he] is in custody' and 'the district ... within which the State court was held which convicted and sentenced him' have 'concurrent jurisdiction,' §2241(d)").

Furthermore, Judge Rose and Magistrate Judge Merz have absolute immunity from suits for damages for decisions they made while presiding over a case. Absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant was not acting as a judge; or (2) when the conduct alleged, although judicial in nature, was taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). Folley objects to decisions these Judges made while presiding over his case. The first exception does not apply. Folley attempts to argue the second exception to immunity with his argument that the Southern District lacked jurisdiction to entertain his Petition. Because that argument is barred by *res judicata* and lacks merit for the reasons stated above, the second exception to immunity does not apply. Judge Rose and Magistrate Judge Merz are absolutely immune from liability for damages in this case.

Assistant Attorney General William Lamb and Assistant Attorney General Mary Anne Reese also have absolute immunity from damages for their decisions and actions in the course of representing the state in Folley's habeas proceedings. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v.*

*Pachtman*, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993). Immunity also extends beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in initiating judicial proceedings, *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000), or in defending a civil suit, *Al–Bari v. Winn*, No. 89–5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).  An Ohio Assistant Attorney General is a prosecutor for purposes of presenting the state's case in a habeas action. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).  Folley claims Reese and Lamb sought extensions of time and failed to provide him with a copy of the Appellant's brief filed in the Ohio Appellate Court.  These actions were in furtherance of their representation of the state.  Therefore, Lamb and Reese have absolute immunity from damages.

Folley ultimately fails to state a claim upon which relief may be granted.  He lists four statutes as the basis for his claims.  The first statute, 42 U.S.C. § 1983, provides a cause of action against state officials who violate the Plaintiff's constitutional rights.  Rose and Merz are federal officials, not state officials.  They cannot be sued under § 1983.  While Lamb and Reese are state officials, Folley has not identified a specific constitutional right that they violated, and none is apparent on the face of the Complaint.  The second statute, 42 U.S.C. § 1985, pertains to conspiracies to interfere with civil rights.  In addition to requiring specific allegations pertaining to the alleged conspiracy, this claim requires Folley to allege facts suggesting the Defendants performed an act in furtherance of the conspiracy that was motivated by race or class-based animus toward Folley.  *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).  The Complaint contains no allegations suggesting race or some other class-based animus was a factor.  The third and fourth statutes, 18 U.S.C. § 241 and 18 U.S.C. § 1512, are criminal statutes.  They do not provide a private

cause of action in a civil case. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008).

### Conclusion

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. §1915A. Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED** as moot as Plaintiff paid the full filing fee. His Motion to Demand a Jury Trial (ECF No. 3), Motion for Summary Judgment (ECF No. 4), Motion for Discovery (ECF No. 5), and Motion for Extension of Time for Service of the Summons and Complaint (ECF No. 8) are **DENIED**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

**DATED: AUGUST 15, 2023**

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE